Case No. 313-0043, General Moran, et al., appellants by Scott Pyles v. Will County Officers, Mary Tatro and Devorce Hornbeck of Eppley's by Edward Ronkowski. Mr. Pyles? Thank you, Your Honors. Scott Pyles on behalf of the appellants. May it please the Court. Mr. Ronkowski. The issue here today is a simple one. The issue is this. In this matter, the trial court denied the appellants' petitioners' motion to assess costs following a reversal here in this court back in September of 2012. In an election case, the plaintiff's appellants filed a motion to assess similarly to filing fees for the different petitions for judicial review, and the petition for the fees was denied. The trial court cited the case of Pete v. Vootes in stating that she had no authority to assess costs based on that case. In that particular case, I cited the case of Craig v. Ocantanee Township, which is a 5th district case which held that following a petition for judicial review in an election case where the candidate lost, the court in that case assessed costs against the petitioners in that case. And the court in Craig essentially found that because it was an administrative review, they felt that Section 5-109 of the Code of Civil Procedure that costs should be assessed. Now, the reason that the Pete case, which was cited by the trial court, does not apply here is that the Pete case, as opposed to a petition for judicial review, which is our case, which has parties, there were the objectors and there were the candidates and the clerk was also a party, that was an action that was administrative review. In Pete v. Vootes, you're looking at what was an election contest where a candidate who had lost a school board election filed an election contest against a clerk in Will County, claiming that he had won the election, they did a recount, and he in fact showed that there were some votes that had been either miscounted or not calculated properly, and he won. He wins the trial court and he asked that $701 in costs be assessed against the clerk, which were the costs that he had in filing the election contest, and the trial court in that case granted it. This court in its decision stated that there was no authority in the election code regarding election contests to award costs. Justice Carter in that case wrote an opinion where he examined the statute on statutes, examined the language regarding election contests, that essentially said that interpreting the clause and as any other civil case or language similar to, that in looking at the statute of statutes, it indicated that that wording applied only to incorporating the second part or the Civil Practice Act of the Code of Civil Procedure. And then this court reversed the trial court and found that there was no authority to enter costs. That is not the case that applies here, and for several reasons. Number one, the language in section 23-23 of the election code is different from section 10-10.1, which is the section in the election code that deals with a petition for judicial review. That section specifically incorporates the administrative review law, which this court held in Calasari, in our case, that was decided last year, that this is election board to petition for judicial review, our administrative review. And I would suggest that this court should follow the Craig case in deciding that the candidates in this case that prevailed on appeal should be awarded their costs, and the costs, because there were so many cases, is quite significant, it's over $2,000. Now, the police in this case, or the objectors claim that even if, and they don't necessarily disagree, if you read the trial court briefs, they make one argument that we shouldn't get the costs, but they make an alternative argument that if they do get costs, they are entitled to the majority of the costs back. Their reasoning in indicating that they are entitled to costs is that because I filed seven different petitions for judicial review, one for each candidate that had been challenged, they argue that I should have filed all of them in one case, that I should have used different accounts, and that there would only be one filing fee or one cost. The argument that they're making is that they should get six of the seven filing fees back because I filed too many cases. In response to the argument they make regarding that, it's simply this, in the lower court and at the electoral board level, it is true that our cases were consolidated for purposes of argument, both at the trial court and at the electoral board level. But there were individual issues in each of the candidates' cases. Some of the individual facts were different. In the case, the chairman was actually a resident in two of the county board districts, so the issues were a little bit different for each of the cases. And there were seven different individual electoral board decisions issued with regard to those candidates. And that is the reason why the candidates file an individual petition for judicial review, because there were seven different electoral board decisions, and each of them had a little bit different facts. It's true that the seven cases did have a lot of issues in common with regard to the notice issue and some of the other things, and that's why they were consolidated for both argument here and at the trial court level and also at the electoral board. But because they were consolidated, I don't think that that should entitle the, we should be penalized because we had to file seven different individual cases. The only issue here is cost, isn't it? That's correct. But I'm addressing an argument that was raised by the appellees in their brief that they are entitled, that if the court were to find that there were costs, they are suggesting that they should be awarded costs against us because we filed seven different petitions for judicial review. And I'm addressing that argument. But the petitions for judicial review that you filed were all for costs. So the facts underlying each of those cases wouldn't make any difference, would it? Well, when I'm talking about the petition for judicial review, I'm talking about in the first case. I'm not talking about here. I think I only filed one petition to assess costs because at that point the case had been consolidated in the trial court. When I'm talking about the different filing fees, I'm trying to address an argument the appellees made, both in the trial court, that I shouldn't file seven different petitions. I only should have filed one. Following up on Justice McDade's question, who was the named defendant when you petitioned for judicial review? Well, there were seven different individual objectors. Did you name the objectors as defendants or was it the electoral board? The electoral board and the objectors were both named. So in each case there was a different objector, except in one case there were two candidates challenged from one county board district and there was the same objector in those two cases, but there was a different objector from each of the other five cases. I'm just a little confused. Who do you think is going to pay the costs? The objectors. Why? Because they were the ones that brought the objections in the first place in front of the electoral board. But we didn't review their objections. We reviewed the decision of the board. You were asking us to review the decision of the board, correct? In this appeal, I'm asking you to review the decision of the trial court denying our costs. For judicial review of the board's decision. So I think if you're entitled to us, then it's the electoral board that pays those costs. I may be confused, but after reading Pete, I don't understand where you get the authority to punish the objectors. And that's what it seems like here. Well, the objectors are the respondents. We are reviewing the electoral board decision. It's our position, though, that the objectors are the ones that brought the objections. They were the ones that argued that the objections should be sustained. But it wasn't their decision we were reviewing. Well, that's true. But even though the electoral board decision that was being reviewed was based on the objections filed by the individual objectors. And I think that draws another distinction between the Pete case and this case. Because in Pete, the main adverse party was the county clerk. The relief was sought against the county clerk. And in this case, we're seeking relief not against the county clerk. We're seeking the relief against the objectors. The individual objectors who have appeared in the arbitral court. But I may misunderstand. The caption of this appeal is the petitioner at Palaz versus Will County officers, electoral board. I don't see the objectors named. Well, the objectors are here. The objectors are represented by Mr. Ronkowski. Just because they're interested doesn't mean they're named defendants. And I may be mistaken, and I'm sure counsel will argue that point as well. The objectors are in the case. And there are six individual objectors. And the petition for costs, whether it's in the record, were directed at the objectors, not at the board. I'm not trying to seek money from the county clerk. I'm seeking it from the objectors. And I don't understand the basis for that. I'll look at the statute. Is there a statute on point? Well, the statute that's on point that I'm relying on is in the cost section. It's 5-120, which is if there is a reversal in the appellate court. What did we reverse? You reversed the decision of the electoral board, which granted relief to the objectors in sustaining their objector's petition. So I think there is an adverse party. The objectors came and they filed the objections to the appointed candidates. The objectors were the ones that pressed it at the electoral board. The objectors were there. They were arguing the petition in the trial court. And the objectors were the ones that wrote the brief in support of why the trial court was right. And denying relief to the candidates in that case. But if you get costs, you get costs for judicial review. We're not talking about whatever costs you to go before the electoral board. I don't know if there were subpoenas or summonses. In fact, there was no cost there because actually under the statute, the transcript and in fact the subpoenas, I guess in this case, were covered by the electoral board. The only costs that I'm seeking are the seven filing fees that were paid to the Will County Circuit Clerk for the petitions for judicial review. And I believe we're asking for the service fee of the certified mailings and that was just $20. Those are the only costs we're seeking. Those are the statutory costs as defined by Gallowich v. Beechcraft and Vincenzio, which are the line of cases that talk about what sort of statutory costs are available to a prevailing party. And that's what we're asking for in this case. And it seems to me there's a pretty good public policy against awarding you costs to be assessed against the electoral board and you're not seeking that. That's right. You want costs based on what the objectors did down below, which didn't cost you anything. I had to sue the objectors too. They were a necessary party to the petition for judicial review. And it was the objectors' attorney that was the adverse party in front of the trial court when we were arguing whether or not the petition for judicial review should be granted. It was also the objectors and their attorney that was the adverse party on appeal. The assistant state's attorney, Phil Mock, he didn't even have a role at the trial court and he didn't file a brief at the appellate court level either. Since the electoral board was just a, I don't want to say a technical party, but kind of like a workers' comp where you have to name the industrial commission as a party if you are appealing an award of the commission. Those are both examples of judicial review and I think that there's some similarities there. And even though in those particular cases you are reviewing the decision of the commission or the arbitrator, the adverse party is still the employer if the employee is the appellant in that case or the petitioner. They're seeking to have a decision of the commission overturned. I think it's somewhat similar. But our system... Go ahead. If you use the administrative review law as your path out of Pete's, what provisions of that allow for courts? In section 10-10-1, if you look in subparagraph B of the election code, it specifically states that these cases are to be handled in accordance with the administrative review law. And it's based on the fact that if you go to the administrative review law, that brings in the cost, which draws the distinction to Pete, which Pete is essentially an action or an adverse proceeding against the county clerk that's wholly from the election code. That's not the case here. I don't find the provision in the administrative law that allows for cost directly. There is a provision that I found, but there's limits to it. And you're not in those qualified areas. As far as I can tell, not. Which is why I'm asking the question, because I may be missing something. Well, Justice Lipton, you raise an interesting question. And I also, in addition to looking at the administrative review law, and you're right, there's only a couple sections where they talk about costs. However, I think that the sections that talk about in the administrative review law, they are talking about exceptions. In section, I believe it's 3-111, they're talking about that there's costs, that there's a partial affirmance of a board decision. And then they say, well, then you can go ahead and you can award costs in that. I looked in the Civil Practice Act, where most civil filings are done, personal injury cases, the chancery cases. There is nothing in section 2, which deals with all those cases, that talks about an award for costs either. Because I looked. Similarly to the administrative review law, there is nothing in article 2 of the Civil Practice Act, which talks about civil cases and what's going to be in a complaint. There's no mention of costs in there either. There's talking about entries of judgment and how to get interest. There's no mention of costs. The only place where there's costs talked about is in section 5 of the Code of Civil Procedure, where it talks about costs specifically. So I'm saying that because the election code has incorporated the Administrative Review Act, which brings us into the Code of Civil Procedure, that article 5 regarding costs also applies. And that is the reasoning that's followed in the Craig case, which is cited in my brief. Thank you. If you look at the Craig case, and I disagree with what the police say in this matter, they say that Craig doesn't really talk about costs. Well, that's wrong. If you look at the last page of the opinion in Craig, there was a complaint made that the candidate who lost at the trial court appeal, it says it was wrong to give costs against my client. And the court in that case said no. They looked at section 5-109, says the defendant. If they prevail, they get their costs. That was a petition for judicial review. And I'm suggesting that the trial court was wrong in not following Craig, but following Pete, which Pete does not have any application here because it deals with an election contest, not a petition for judicial review, which is involved in our case. Thank you. Thank you. Mr. Ronkowski? Yes, thank you. It pleases the court. And good afternoon. My name is Edward Ronkowski. And I agree with counsel that the issues in this case are very simple. Appalee is looking to have this case affirmed under the strong precedent of the 2008 case of Pete versus Voops. In that case, it held in the absence of statutory provisions in the election code, court costs should not be awarded. Who are you representing? The appalees, the objectors specifically, and by default, the electoral board and the court. So do you agree we're talking about costs to be imposed on the objectors? That is what counsel is seeking in this case, yes. What's your position? That the Pete versus Voops case does not allow it. The Pete versus Voops case talked about construing the terminology used there that other civil cases. And they said, well, that may refer to Article 2. It specifically does not include Article 5. So my confusion over who's the named defendants here is misplaced. Is that your position? I mean, help me out here. I don't know who's going to pay the costs if we agree costs should be imposed. It's the last part of my argument. I'll address that. But I jump ahead. Do you want me to jump ahead? No. OK. I'll get to it in about two minutes. I'd like to know the names of the objectors. There was like six of them. Because they're not parties to this case. Their names aren't anywhere on our fact sheet. The reason for that is the objectors bring the case before the electoral board. And they were like doing a public service of bringing an election code violation to their attention. The electoral board is a government entity. And they're free to sustain the objections or find new objections or add objections or deny the objections. In this case, the objections were made not specifically in conformity with the way that the objectors wanted, but sufficient to remove candidates from the ballot. From that point on, the government had made that decision. They made it based on the evidence. Phil Mock, an assistant state's attorney, was present. And when it got in front of Judge Petrangaro in the Will County Court, Phil Mock was present. He made comments. He made a few objections. But it was us, the attorneys for the objectors, that were defending the government, defending the government's decision. So when you entered your appearance in this appeal, who were you appearing on behalf of? The objectors. But they're not named parties? They're named in the original. Yes. So my view is the objectors are performing a public service. They're trying to bring the attention to government deficiency in the election process. After that, if that's sustained on their count or on different reasons, then it's still up to the attorneys for the objectors to defend the government. And I think it's unconscionable in the facts in this case to ask- No. No. I'm here defending the request by Mr. Piles to make the objectors pay for his court costs in this case where we were merely defending the Electoral Board's decision, the government's decision. I wasn't appointed a special prosecutor. I wasn't paid anything. The payment is strictly between me and my clients for providing a government service, defending the government. And in this particular case- Defending the government's decision. Yes. Yeah. And that decision was not exactly the way the objectors wanted it. The problem that we had in this case is specific to the effect case is what I call the sandbag. This court, appellate court, in the original decision reversed the trial court's decision based upon the wording that what the defendant argued for the first time on appeal was the election code 5 backslash 7-9 subparagraph D. And the appellate court reversed the entire case based upon that citation that was made at the first time in front of the appellate court. That argument, Mr. Piles never once cited anywhere before the Electoral Board or the trial court the argument that he used to succeed on appeal, 5 backslash 7-9 subparagraph D. That's sandbagging. If he would have argued the proper legal reasoning in front of the Electoral Board, we wouldn't be here. If he would argue the proper legal reasoning in front of the trial court, we wouldn't be here. And now he's seeking, with the sandbagging, to make the objectors pay the cost of their public service of bringing to the attention of the Electoral Board some deficiencies. And the Electoral Board came to their own conclusion which deficiencies to accept. And we've been providing this public service, defending the Electoral Board. Let me ask you the same question I asked Tim. Taking the route through the administrative law, do you agree that there is or is not a passive way, if you will, for him to get across through that law, if not through general civil practice? Well, Mr. Piles argued something similar to that in his briefs. And he argues a bunch of cases arguing that. Unfortunately, those cases say that the appeal is only in the nature of an administrative appeal. They didn't cite Article 3. They didn't cite Article 5. And those cases only held that these appeals are in the nature of an administrative appeal where you have to review the Electoral Board's decision. Okay? And specifically, there is one case. He argued the Craig case. He mentioned that in his argument. And in the Craig case, they did award costs. But in the Craig case, nowhere was the argument made like in the Peete case that the election code doesn't provide for costs and that the election code, there should not be costs allowed in election cases. It wasn't argued and it wasn't ruled upon. Now, there is the 1998 case we cited of Bill. And they had argued exactly what you're talking about, that the administrative law should apply in these cases. And the appellate court there ruled specifically that it should not. So he's got a case that ruled that costs should be imposed, but they never argued that the election code doesn't allow for it. I have a case that says administrative review law does not apply to election cases specifically. And that's why we're asking for a ruling in our favor. The Peete case, I think, is a real strong precedent. The Peete case talked about costs not being awarded. And they hung their hat on the words, other civil cases did not incorporate Article 5. In this case, the 10.-10.1 that was being brought up on appeal has the wording, may secure judicial review. That wording incorporates costs much less than what was in the Peete case. So we're asking that no court costs should be allowed because of the Peete case, the precedent. We argued in the alternative in our brief, and it's moot if you follow your own precedent of Peete, that if court costs are to be imposed, it should be in our favor. And I have cases citing exactly how it should be done. Did you make such a request in the trial? Yes. Was it denied? The trial court did not consider it because they rendered it moot because of the Peete case. The trial court followed Peete saying no court costs should be imposed. Have you filed a cross-appeal? Pardon? Have you filed a cross-appeal? No, I'm just, if this court decides that the Peete case is not to be followed, then the proper way to do it is to remand it for a hearing on the remaining issues. Okay. Not for us to order the reimbursement of costs. How would this court go in a fact finding? I agree. Yeah. So it would be reversal back to the court to decide how much court costs should be awarded and which sides, and then go through all the case law I cited, where this case should have been filed only as one appeal, proper, because as counsel said, there was issues that were similar. In fact, your own decision reversed everything based upon one statute, and that's why it was immediately consolidated in front of the electoral board, immediately consolidated despite the numerous filings in front of the trial court and in this court. Is there any other questions? I thank you. Counsel? The bill case that counsel refers to, it says that the administrative review law doesn't apply. That was a case where they were talking about the time limits for amending a petition for judicial review in an election case. Administrative review law, the times are different. You have 35 days to challenge an administrative review. You are given leave to amend pleadings. Those provisions don't apply because section 10-1 sets its own time limits, and that's what the bill case stated in that case. And if you read the bill case, it will go to show that where the administrative review law is inconsistent with the election code, the election code rules apply. That's all the bill case essentially says. It doesn't say anything about, well, we're not applying the Civil Practice Act and so forth. Again, I think the precedent that's to be followed here is the Craig case, which awarded costs. I want to address, you know, Mr. Ronkowski and counsel, if you look at the front of the briefs, in front of my brief, Dolores Hornbeck. There's a name, Dolores Hornbeck, on there. She is the objector in the Moran case. She's not a board member. She is actually one of the objectors. Each of the objectors were named. The reason they're not on the cover of the briefs is that all the different cases were consolidated. And if you've got the entire record, each of the objectors is a part of the own individual court file. There were six objectors. There was a Peggy Matthews. Mr. Ronkowski's brief has got the objector Ron Lulow on his, on the cover of his. Those are the named objectors. And make no mistake, Mr. Ronkowski represents the objectors. The assistant state attorney that represented the electoral board was Phil Mock. And I don't know if he filed an appearance, but he filed an appearance in the trial court. Mr. Ronkowski does not represent the electoral board here. He's simply defending the objector's position with regard to the decision of the electoral, or of the trial court in this case. And he was representing the objectors. So he's representing, he is defending the decision of the electoral board. Correct. Not the electoral board. That's right. Just as if this was a workers' comp case, we would be defending the decision of the commission, as any other administrative review case. And the court does not have to go on a fact-finding mission to find the costs. In the appendix of my brief, my motion to assess costs is in there. And the costs in my brief, they're all there itemized. There are seven filing fees for $276, and there's $20 in certified mailings. All you have to do is look in the appellant's brief. The costs are itemized in what was done in the trial court. And if you also look in the appendix of my brief, the decision, this references the section 10-10.1 of the election code, talks about the referencing of the Administrative Review Act. I cite case after case in my brief that the administrative review law is applicable to these cases, to the extent that they're consistent with the election code. I'm asking this court to reverse the decision of the trial court and award us our statutory costs that, as the prevailing party on appeal, we are entitled to. Because I believe that Section 5 of the costs is looped in with the Civil Practice Act, Article 2, and the Administrative Review Law, which is Article 3. And even though there's nothing specifically in there, in the Administrative Review Law, it references back to Section 5, you won't find a similar application in Article 2 either. But as we all know, in case after case, costs are awarded to the prevailing party in Article 2 cases, and they're also rewarded in Article 3 cases. And I believe that this being an administrative review, we're reviewing the decision of the Will County Officers Electoral Board. The objectors are the adverse party. They are present by Mr. Ronkowski, and they are supporting the position against the costs. The objectors are in the case. They're named individually. I didn't name them on the front of my brief. I only named one because I only named the objector that was attached to Mr. Moran in his case because all the different cases were consolidated. Not only the trial court, but they were also consolidated in this court as well because I filed seven different notices of appeal on each case, and they were consolidated by order of the court in the original case and were back up again as a follow-up to that decision. So again, I think that it's relatively clear that this is an administrative review of an electoral board decision and that the petitioners are seeking costs against the objectors who filed the objections and they lost on appeal. Thank you. We will be taking the matter under advisement and issuing a decision without undue delay for now. We'll take a short recess for a panel change.